SHIRLEY S. ABRAHAMSON, J. (dissenting).
¶ 43 I write separately to make two points.
¶ 44 First, the majority confusingly muddles what does and does not constitute indicia of fraud for purposes of the fraudulent transfer exception to the general rule against successor liability. I conclude that courts may consult the badges of fraud listed in the Wisconsin Uniform Fraudulent Transfer Act (WUFTA) as indicative of a fraudulent transfer. The unique facts *15 of each case inform the court's search for objective manifestations of fraud.
¶ 45 Second, unlike the majority, I would not dismiss Springer's amended complaint. Neither Fire Brick Engineers Company, Inc. nor Powers Holding, Inc. (collectively "defendants") has ever challenged the sufficiency of Springer's amended complaint on the issue of successor liability. Neither the circuit court nor the court of appeals addressed the sufficiency of Springer's amended complaint on the issue of successor liability.
*467 ¶ 46 The majority sua sponte raises and decides this issue without affording Springer an opportunity to address the issue or seek leave to amend her complaint.
¶ 47 The majority justifies its summary dismissal of Springer's amended complaint by stating that Springer "had opportunity and reason to amend her complaint" to allege successor liability. Majority op., ¶ 33.
¶ 48 Springer's adversaries, however, never claimed that the pleadings were deficient after being put on notice in Springer's opposition to the defendants' motion for summary judgment that she was pursuing a theory of successor liability. Springer did not move to amend her complaint because there was no adversarial challenge to the sufficiency of her pleadings after the defendants were put on notice of her theory of successor liability. If the defendants believed that Springer had not adequately pleaded her theory of successor liability, they could have so argued. They did not.
¶ 49 The issues of whether Springer's complaint adequately pleads successor liability, and if not, whether Springer should be granted leave to amend her complaint, are not issues properly before this court. The parties should be given notice the court is concerned about these issues and should be given an opportunity to address these issues.
¶ 50 The court has once again reached beyond the issues presented to it to decide issues not presented or addressed by the parties. The majority, again, surprises the parties, the bench, and the bar.
¶ 51 The frequency and cavalier attitude with which this court surprisingly decides an issue without providing parties notice of the issue or an opportunity *468 to address the issue is troubling. Due process requires (at a minimum) notice and an opportunity to be heard. Schroeder v. City of New York, 371 U.S. 208, 212, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962) ; State v. Nelson, 2014 WI 70, ¶ 19, 355 Wis. 2d 722, 849 N.W.2d 317 ; Jensen v. Wis. Elections Bd., 2002 WI 13, ¶ 22, 249 Wis. 2d 706, 639 N.W.2d 537.
¶ 52 For cases decided this term that illustrate the court's growing bad habit of addressing issues without giving parties notice and the opportunity to address the issue (in violation of due process), see Manitowoc Company, Inc. v. Lanning, 2018 WI 6, 379 Wis. 2d 189, 906 N.W.2d 130 (overruling Heyde Cos., Inc. v. Dove Healthcare, LLC, 2002 WI 131, 258 Wis. 2d 28, 654 N.W.2d 830, without providing parties notice or opportunity to brief the issue of Heyde's continuing validity and when doing so was unnecessary to the court's resolution of the case); Sands v. Menard, 2017 WI 110, 379 Wis. 2d 1, 904 N.W.2d 789 (dismissing unjust enrichment claim for being inadequately pleaded despite the pleading issue never being raised at any point during litigation).[1]
*469 ¶ 53 I am concerned that this court's erosion of due process rights will continue unabated until the people of this state are left with nothing but a faint shadow of *16 what once was a constitutionally protected right.
¶ 54 I dissent.
¶ 55 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.

In contrast with the cases described above in which the court decides issues not addressed or argued by the parties, State v. Reyes Fuerte, 2017 WI 104, 378 Wis. 2d 504, 904 N.W.2d 773, is an example of the court and the parties essentially ignoring the issue presented and discussed in the petition for review that induced the court to grant the petition and addressing a new, different issue the parties present.
In Reyes Fuerte, the petition for review phrased the issue presented as follows:
Now that criminal defense attorneys are obligated to advise their clients about the immigration consequences of their pleas, Padilla v. Kentucky, 559 U.S. 356 [130 S.Ct. 1473, 176 L.Ed.2d 284] (2010), should the Wisconsin Supreme Court overturn its decision in State v. Douangmala, 2002 WI 62, 253 Wis. 2d 173, 646 N.W.2d 1, and reinstate the harmless error rule to prohibit a defendant who was aware of the potential immigration consequences of his plea from being able to withdraw the plea just because the circuit court failed to give a statutory immigration warning that complied with Wis. Stat. § 971.08(1)(c) ?
Given the articulation of the issue presented for review in Reyes Fuerte, one might expect that an analysis of Padilla would be front and center in the briefs filed in this court. It is not. Padilla did not drive the parties' analyses.
The court errs when it allows and condones parties' phrasing an issue one way in the petition for review (thus inducing the court to grant the petition) and then fundamentally changing the issue presented when the case is actually being litigated and argued in this court. This practice allows the parties and the court to violate court rules and is unfair to litigants who attempt to follow the rules the court has adopted.
United States Supreme Court Justice Antonin Scalia (joined by Justice Elena Kagan) made this point as follows:
I would not encourage future litigants to seek review premised on arguments they never plan to press, secure in the knowledge that once they find a toehold on this Court's docket, we will consider whatever workaday arguments they choose to present in their merits briefs.
City & Cty. of San Francisco v. Sheehan, --- U.S. ----, 135 S.Ct. 1765, 1779, 191 L.Ed.2d 856 (2015) (Scalia, J., concurring in part, dissenting in part).